IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN GAUDETTE,<br><br>        Plaintiff,<br><br>v.<br><br>ALEGIS GROUP LIMITED PARTNERSHIP; and SHERMAN ACQUISITION LIMITED PARTNERSHIP,<br><br>        Defendants | DOCKET NO.: CV04-12645 JLT |

## ANSWER OF DEFENDANT
## SHERMAN ACQUISITION LIMITED PARTNERSHIP

The Defendant, Sherman Acquisition, LP (hereinafter, "Sherman") as and for its Answer to the Complaint of the Plaintiff, Steven Gaudette ("Gaudette"), denies each and every allegation contained therein, unless otherwise admitted or qualified herein, and hereby states and alleges as follows:

### PRELIMINARY STATEMENT

1. In response to Paragraph 1 of the Complaint, Sherman admits that Gaudette has purportedly brought this action under the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681 *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 *et seq.* Further answering, Sherman denies the remaining allegations of fact and conclusions of law contained in Paragraph 1 of the Complaint, and specifically, denies that it has violated either law.

### JURISDICTION AND VENUE

2. Paragraph 2 of the Complaint calls for conclusions of law or application of facts to law which does not compel a response or answer from Sherman.

## **PARTIES**

3.     Sherman admits only that Gaudette is an individual residing in Medford, Middlesex (not Suffolk) County, Massachusetts. The remaining allegations contained in Paragraph 3 of the Complaint call for conclusions of law or application of facts to law which do not compel a response or answer from Sherman, and calls upon Gaudette to prove same.

4.     Paragraph 4 of the Complaint refers to a Defendant other than Sherman and therefore no response is required. To the extent that an answer is required, Sherman lacks sufficient information to either admit or deny the allegations set forth in Paragraph 4, therefore denies same, and calls upon Gaudette to prove same.

5.     Sherman admits that it has offices in South Carolina and in Texas. Further answering, Sherman admits that it is, at times, a "furnisher of information" as defined by the FCRA. Sherman denies the remaining allegations of fact and conclusions of law asserted in Paragraph 5 of the Complaint, and calls upon Gaudette to prove same.

6.     Sherman lacks sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 6 of the Complaint and therefore denies same and calls upon Gaudette to prove same.

7.     Sherman has insufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 7 of the Complaint and therefore denies same and calls upon Gaudette to prove same.

8.     The allegations contained in Paragraph 8 of the Complaint attempt to paraphrase the substantive content of a written document which speaks for itself. To the extent that the allegations contained in the Complaint incorrectly paraphrase the written document, Sherman denies same. Further answering, Sherman avers that on or around August 11, 2004, it received

correspondence from Gaudette.  Sherman denies the remaining allegations contained in Paragraph 8 of the Complaint and calls upon Gaudette to prove same.

      9.      The allegations contained in Paragraph 9 of the Complaint attempt to paraphrase the substantive content of a written document which speaks for itself.  To the extent that the allegations contained in the Complaint incorrectly paraphrase the written document, Sherman denies same.  Further answering, Sherman lacks sufficient information to either admit or deny the allegations set forth in Paragraph 9, denies same, and calls upon Gaudette to prove same.

      10.      The allegations contained in Paragraph 10 of the Complaint attempt to paraphrase the substantive content of a written document which speaks for itself.  To the extent that the allegations contained in the Complaint incorrectly paraphrase the written document, Sherman denies same.  Further answering, Sherman lacks sufficient information to either admit or deny the allegations set forth in Paragraph 10, denies same, and calls upon Gaudette to prove same.

      11.      Sherman lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 11 of the Complaint, denies same and calls upon Gaudette to prove same.  Further answering, the allegations contained in Paragraph 11 of the Complaint attempt to paraphrase the substantive content of a written document which speaks for itself.  To the extent that the allegations contained in the Complaint incorrectly paraphrase the written document, Sherman denies same.  Sherman specifically denies any failure to communicate any information as required by law.

      12.      Sherman lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 12 of the Complaint and therefore deny same.  Further answering, the allegations contained in Paragraph 12 of the Complaint attempt to paraphrase the substantive content of a written document which speaks for itself.  To the extent that the allegations

contained in the Complaint incorrectly paraphrase the written document, Sherman denies same and calls upon Gaudette to prove same.

13.   Sherman lacks sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 13.  Sherman therefore denies same and calls upon Gaudette to prove same.

14.   The allegations contained in Paragraph 14 of the Complaint attempt to paraphrase the substantive content of a written document which speaks for itself.  To the extent that the allegations contained in the Complaint incorrectly paraphrase the written document, Sherman denies same.  Further answering, Sherman admits that it verified the information and that the date of last activity was changed.  Sherman denies the remaining allegations of fact and conclusions of law contained in Paragraph 14 of the Complaint and calls upon Gaudette to prove same.

15.   The allegations contained in Paragraph 15 of the Complaint attempt to paraphrase the substantive content of a written document which speaks for itself.  To the extent that the allegations contained in the Complaint incorrectly paraphrase the written document, Sherman denies same.  Further answering, Sherman admits that it received the correspondence referenced by Gaudette.  Sherman denies the remaining allegations of fact and conclusions of law contained in Paragraph 15 of the Complaint and calls upon Gaudette to prove same.

16.   The allegations contained in Paragraph 16 of the Complaint attempt to paraphrase the substantive content of a written document which speaks for itself.  To the extent that the allegations contained in the Complaint incorrectly paraphrase the written document, Sherman denies same.  Further answering, Sherman lacks sufficient information or knowledge to either

admit or deny the allegations set forth in Paragraph 16 of the Complaint and therefore denies same and calls upon Gaudette to prove same.

17.     The allegations contained in Paragraph 17 f the Complaint attempt to paraphrase the substantive content of a written document which speaks for itself.  To the extent that the allegations contained in the Complaint incorrectly paraphrase the written document, Sherman denies same.  Further answering, Sherman lacks sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 17 of the Complaint and therefore denies same and calls upon Gaudette to prove same.

18.     Sherman states that Paragraph 18 refers to another named Defendant and that it lacks sufficient information or knowledge to either admit or deny the allegations and therefore denies same.  Further answering, the allegations contained in Paragraph 18 of the Complaint attempt to paraphrase the substantive content of a written document which speaks for itself.  To the extent that the allegations contained in the Complaint incorrectly paraphrase the written document, Sherman denies same.

19.     The allegations contained in Paragraph 19 of the Complaint attempt to paraphrase the substantive content of a written document which speaks for itself.  To the extent that the allegations contained in the Complaint incorrectly paraphrase the written document, Sherman denies same.  Further answering, Sherman admits that the letter referenced as Exhibit K appears to have been mailed on or about October 16, 2004.  Sherman denies the remaining allegations of fact and conclusions of law contained in Paragraph 19 and calls upon Gaudette to prove same.

20.     The allegations contained in Paragraph 20 of the Complaint attempt to paraphrase the substantive content of a written document which speaks for itself.  To the extent that the allegations contained in the Complaint incorrectly paraphrase the written document, Sherman

denies same. Further answering, Sherman denies that it failed to report the debt as disputed as alleged. Sherman lacks sufficient information or knowledge to either admit or deny the remaining allegations of fact and conclusions of law contained in Paragraph 20, denies same, and calls upon Gaudette to prove same.

21. The allegations contained in Paragraph 21 of the Complaint attempt to paraphrase the substantive content of a written document which speaks for itself. To the extent that the allegations contained in the Complaint incorrectly paraphrase the written document, Sherman denies same. Further answering, Sherman denies that it failed to report the debt as disputed. Sherman lacks sufficient information or knowledge to either admit or deny the remaining allegations of fact and conclusions of law contained in Paragraph 21, denies same, and calls upon Gaudette to prove same.

## CAUSES OF ACTION/CLAIMS

22. <u>Count I</u>  Sherman repeats, re-alleges and specifically incorporates herein by reference its Answers to Paragraphs 1 through 21 above. Further answering, Sherman denies all allegations of fact and conclusions of law contained in Paragraph 22(a) through 22(f) of the Complaint and puts Gaudette to the strictest burden of proof to establish same.

23. <u>Count II</u>  Sherman repeats, re-alleges and specifically incorporates herein by reference its Answers to Paragraphs 1 through 22 above. Further answering, Sherman denies all allegations of fact and conclusions of law contained in Paragraph 23(a) through 23(f) of the Complaint and puts Gaudette to the strictest burden of proof to establish same.

24. <u>Count III</u>  Sherman repeats, re-alleges and specifically incorporates herein by reference its Answers to Paragraphs 1 through 23 above. Further answering, Sherman denies all

allegations of fact and conclusions of law contained in Paragraph 24(a) through 24(g) of the Complaint and puts Gaudette to the strictest burden of proof to establish same.

25. <u>Count IV</u>  Sherman repeats, re-alleges and specifically incorporates herein by reference its Answers to Paragraphs 1 through 24 above.  Further answering, Sherman denies all allegations of fact and conclusions of law contained in Paragraph 25(a) through 25(d) of the Complaint and puts Gaudette to the strictest burden of proof to establish same.

26. <u>Count V</u>  Sherman repeats, re-alleges and specifically incorporates herein by reference its Answers to Paragraphs 1 through 25 above.  Further answering, Sherman denies all allegations of fact and conclusions of law contained in Paragraph 26(a) through 26(f) of the Complaint and puts Gaudette to the strictest burden of proof to establish same.

27. <u>Count VI</u>  Sherman repeats, re-alleges and specifically incorporates herein by reference its Answers to Paragraphs 1 through 26 above.  Further answering, Sherman denies all allegations of fact and conclusions of law contained in Paragraph 27(a) through 27(f) of the Complaint and puts Gaudette to the strictest burden of proof to establish same.

28. <u>Count VII</u>  Sherman repeats, re-alleges and specifically incorporates herein by reference its Answers to Paragraphs 1 through 27 above.  Further answering, Sherman denies all allegations of fact and conclusions of law contained in Paragraph 28(a) through 28(f) of the Complaint and puts Gaudette to the strictest burden of proof to establish same.

29. No response to Paragraph 29 of the Complaint is required.  However, Sherman denies that Gaudette is entitled to a trial by jury as there has been no violation of any law.

30. Sherman denies the allegations contained in Paragraph 30 of the Complaint.

31. Sherman denies that Gaudette is entitled to any of the relief sought as alleged in Paragraphs 31(a) through 31(j) of the Complaint.

32.     Sherman denies that Gaudette is entitled to punitive damages as set forth in Paragraph 32 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Gaudette fails to state any claim upon which relief may be granted.

### SECOND DEFENSE

Any and all action of Sherman, as it relates or may relate to Gaudette and to the extent required by law, have been in accordance with the Fair Debt Collection Practices Act and the Fair Credit Reporting Act.

### THIRD DEFENSE

To the extent that the Fair Debt Collection Practices Act was violated, which Sherman denies, such violation was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonable adapted to avoid such errors.

### FOURTH DEFENSE

Sherman affirmatively asserts that there has been no violation of law.

### FIFTH DEFENSE

Any violation of law or damage suffered by Gaudette, which Sherman denies, was due to the affirmative actions and/or omissions of Gaudette or other persons for whom Sherman is not liable or responsible and does not give rise to any liability of Sherman.

### SIXTH DEFENSE

Any violation of the law or damage suffered by Gaudette, which Sherman denies, was due to the affirmative actions and/or omission of Gaudette or other persons and does not give rise to any claim of damages against Sherman.

**SEVENTH DEFENSE**

Gaudette's claims are barred, in part or in whole, by the applicable statute of limitations.

**EIGHTH DEFENSE**

Gaudette suffered no damages from the alleged violations of Sherman, if any, and therefore is not entitled to any award of damages, attorneys' fees or costs.

**NINTH DEFENSE**

Gaudette's claims against Sherman are without merit and have been brought in bad faith, and/or for the purpose of harassing Sherman.

**TENTH DEFENSE**

Sherman reserves the right to plead additional defenses under F.R.C.P. 8(c) and 12(b) and as may be revealed through discovery, including insufficiency of service of process.

**ELEVENTH DEFENSE**

Sherman reserves the right to bring claims for attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) and 15 U.S.C. §§ 1681n(c) and 1681o(b).

**TWELFTH DEFENSE**

Upon information and belief, Gaudette is bound to arbitration pursuant to his underlying credit agreement.

**THIRTEENTH DEFENSE**

To the extent Sherman was contractually or otherwise obligated to Gaudette, Gaudette was first to breach said contract or agreement and is therefore not entitled to any recovery.

**FOURTEENTH DEFENSE**

Gaudette's claims are barred by his own acts and conduct.

### **FIFTEENTH AFFIRMATIVE DEFENSE**

Gaudette's claims are barred by the doctrine of estoppel.

### **SIXTEENTH AFFIRMATIVE DEFENSE**

Gaudette's claims are barred by the doctrine of waiver.

### **SEVENTEENTH AFFIRMATIVE DEFENSE**

Gaudette's claims are barred by his own unclean hands.

### **EIGHTEENTH AFFIRMATIVE DEFENSE**

Gaudette has sustained no damages for which Sherman is responsible or liable.

### **NINETEENTH AFFIRMATIVE DEFENSE**

Gaudette's claims are barred by the doctrine of laches.

### **TWENTIETH AFFIRMATIVE DEFENSE**

If Gaudette incurred damages, they were caused by the acts and conduct of a third party for which Sherman is not liable.

### **TWENTY-FIRST AFFIRMATIVE DEFENSE**

Gaudette has sustained no harm or damages for which Sherman is either liable or responsible.

### **TWENTY-SECOND AFFIRMATIVE DEFENSE**

The FDCPA does not apply to Sherman as it is not a debt-collector.

### **TWENTY-THIRD AFFIRMATIVE DEFENSE**

Sherman is not a Credit Reporting Agency, and is not liable for violations, if any, of the Fair Credit Reporting Act.

## **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

The denial of credit referred to in the Complaint was not the result of any acts or omissions of Sherman.

## **PRAYERS FOR RELIEF**

**WHEREFORE,** the Defendant, Sherman Acquisition LP, prays for an order and judgment of this Court in its favor and against the Plaintiff, Steven Gaudette, as follows:

1. Dismissing all counts / causes of action asserted against Sherman Acquisition, LP, with prejudice and with costs for the Defendant;

2. Awarding Sherman Acquisition, LP, its reasonable attorneys' fees and costs pursuant to either or both the Fair Debt Collection Practices Act and the Fair Credit Reporting Act; and

3. Awarding Sherman Acquisition, LP, such other and further relief as the Court deems just and equitable.

>
> Respectfully submitted,
> SHERMAN ACQUISITION, LP,
>
> By its Attorneys,
> RIEMER & BRAUNSTEIN LLP

Dated: January 13, 2005

/s/ Steffani Jill Boudreau
Steffani Jill Boudreau
BBO No. 564967
Riemer & Braunstein LLP
Three Center Plaza
Boston, Massachusetts 02108
(617) 523-9000

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN GAUDETTE,<br><br>    Plaintiff,<br><br>v.<br><br>ALEGIS GROUP LIMITED PARTNERSHIP; and SHERMAN ACQUISITION LIMITED PARTNERSHIP,<br><br>    Defendants | DOCKET NO.: CV04-12645 JLT |

**CERTIFICATE OF SERVICE**

  I, Steffani Jill Boudreau, hereby certify that on this date, January 13, 2005, I served the foregoing Answer of Sherman Acquisition, LP, by causing a copy of same to be delivered by first-class mail, postage prepaid, unless otherwise indicated, to:

  Steven Gaudette
  46 Bow Street, No. 2
  Medford, Massachusetts  02155

              /s/ Steffani Jill Boudreau

871617.1