IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN GAUDETTE,<br><br>                        Plaintiff,<br><br>v.<br><br>ALEGIS GROUP LIMITED PARTNERSHIP; and SHERMAN ACQUISITION LIMITED PARTNERSHIP,<br><br>                        Defendants | DOCKET NO.: CV04-12645 JLT |

### ANSWER OF DEFENDANT
### ALEGIS GROUP LIMITED PARTNERSHIP

The Defendant, Alegis Group Limited Partnership (hereinafter, "Alegis") as and for its Answer to the Complaint of the Plaintiff, Steven Gaudette ("Gaudette"), denies each and every allegation contained therein, unless otherwise admitted or qualified herein, and hereby states and alleges as follows:

### PRELIMINARY STATEMENT

1.      In response to Paragraph 1 of the Complaint, Alegis admits that Gaudette has purportedly brought this action under the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681 *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 *et seq.*  Further answering, Alegis denies the remaining allegations of fact and conclusions of law contained in Paragraph 1 of the Complaint and specifically denies that it has violated either law.

### JURISDICTION AND VENUE

2.      Paragraph 2 of the Complaint calls for conclusions of law or application of facts to law which does not compel a response or answer from Alegis.

## PARTIES

3.	Alegis admits only that Gaudette is an individual residing in Medford, Middlesex (not Suffolk) County, Massachusetts. The remaining allegations contained in Paragraph 3 of the Complaint call for conclusions of law or application of facts to law which do not compel a response or answer from Alegis, and calls upon Gaudette to prove same.

4.	Alegis admits that at times, it is a debt collector as defined by the FDCPA. Alegis denies the remaining allegations of fact or application of facts to law contained in Paragraph 4 of the Complaint and calls upon Gaudette to prove same.

5.	Paragraph 5 of the Complaint refers to a Defendant other than Alegis and therefore no response to Paragraph 5 by Alegis is required. To the extent that an answer is required, Alegis lacks sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 5 of the Complaint and therefore denies same and calls upon Gaudette to prove same.

6.	Alegis lacks sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 6 of the Complaint and therefore denies same and calls upon Gaudette to prove same.

7.	Alegis has insufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 7 of the Complaint and therefore denies same and calls upon Gaudette to prove same.

8.	Paragraph 8 of the Complaint refers to a Defendant other than Alegis and therefore no answer or response to Paragraph 8 by Alegis is required. To the extent that an answer is required, Alegis lacks sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 8 of the Complaint and therefore denies same and calls upon

Gaudette to prove same. Further answering, the allegations contained in Paragraph 8 of the Complaint attempt to paraphrase the substantive content of a written document which speaks for itself. To the extent that the allegations contained in the Complaint incorrectly paraphrase the written document, Alegis denies same.

9. Paragraph 9 of the Complaint refers to a Defendant other than Alegis and therefore no answer or response to Paragraph 9 by Alegis is required. To the extent that an Answer is required, Alegis lacks sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 9 of the Complaint and therefore denies same and calls upon Gaudette to prove same. Further answering, the allegations contained in Paragraph 9 of the Complaint attempt to paraphrase the substantive content of a written document which speaks for itself. To the extent that the allegations contained in the Complaint incorrectly paraphrase the written document, Alegis denies same.

10. Paragraph 10 of the Complaint refers to a Defendant other than Alegis and therefore no response to Paragraph 10 by Alegis is required. To the extent that an answer is required, Alegis lacks sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 10 of the Complaint and therefore denies same and calls upon Gaudette to prove same. Further answering, the allegations contained in Paragraph 10 of the Complaint attempt to paraphrase the substantive content of a written document which speaks for itself. To the extent that the allegations contained in the Complaint incorrectly paraphrase the written document, Alegis denies same.

11. Paragraph 11 of the Complaint refers to a Defendant other than Alegis and therefore no response to Paragraph 11 by Alegis is required. To the extent that an answer is required, Alegis lacks sufficient information or knowledge to either admit or deny the allegations

set forth in Paragraph 11 of the Complaint and therefore denies same and calls upon Gaudette to prove same. Further answering, the allegations contained in Paragraph 11 of the Complaint attempt to paraphrase the substantive content of a written document which speaks for itself. To the extent that the allegations contained in the Complaint incorrectly paraphrase the written document, Alegis denies same.

12. Paragraph 12 of the Complaint refers to a Defendant other than Alegis and therefore no response to Paragraph 12 by Alegis is required. To the extent that an answer is required, Alegis lacks sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 12 of the Complaint and therefore denies same and calls upon Gaudette to prove same. Further answering, the allegations contained in Paragraph 12 of the Complaint attempt to paraphrase the substantive content of a written document which speaks for itself. To the extent that the allegations contained in the Complaint incorrectly paraphrase the written document, Alegis denies same.

13. Alegis lacks sufficient information to either admit or deny the allegations set forth in Paragraph 13, denies same, and calls upon Gaudette to prove same.

14. Alegis lacks sufficient information to either admit or deny the allegations set forth in Paragraph 14, denies same, and calls upon Gaudette to prove same. To the extent the allegations in Paragraph 14 of the Complaint refer to another Defendant, Alegis denies same. The allegations contained in Paragraph 14 of the Complaint further attempt to paraphrase the substantive content of a written document which speaks for itself. To the extent that the allegations contained in the Complaint incorrectly paraphrase the written document, Alegis denies same.

15. Alegis lacks sufficient information to either admit or deny the allegations set forth in Paragraph 15, denies same, and calls upon Gaudette to prove same. The allegations contained in Paragraph 15 of the Complaint further attempt to paraphrase the substantive content of a written document which speaks for itself. To the extent that the allegations contained in the Complaint incorrectly paraphrase the written document, Alegis denies same.

16. Alegis lacks sufficient information to either admit or deny the allegations set forth in Paragraph 16, denies same and calls upon Gaudette to prove same. The allegations contained in Paragraph 16 of the Complaint further attempt to paraphrase the substantive content of a written document which speaks for itself. To the extent that the allegations contained in the Complaint incorrectly paraphrase the written document, Alegis denies same.

17. Alegis lacks sufficient information to either admit or deny the allegations set forth in Paragraph 17, denies same and calls upon Gaudette to prove same. The allegations contained in Paragraph 17 of the Complaint further attempt to paraphrase the substantive content of a written document which speaks for itself. To the extent that the allegations contained in the Complaint incorrectly paraphrase the written document, Alegis denies same.

18. Alegis lacks sufficient information to either admit or deny the allegations set forth in Paragraph 18 as it relates to the date on which Alegis' letter dated October 6, 2004 was or may have been received. Alegis denies the remaining allegations of fact contained in Paragraph 18 of the Complaint, and calls upon Gaudette to prove same. Further, the allegations contained in Paragraph 18 of the Complaint attempt to paraphrase the substantive content of a written document which speaks for itself. To the extent that the allegations contained in the Complaint incorrectly paraphrase the written document, Alegis denies same.

19. Alegis admits that the letter referenced as Exhibit K appears to have been mailed on or about October 16, 2004. Alegis denies Gaudette's claim that he was not responded to, despite that there was no legal requirement to so respond. Alegis denies the remaining allegations of fact contained in Paragraph 19 of the Complaint same and calls upon Gaudette to prove same. Further, the allegations contained in Paragraph 19 of the Complaint attempt to paraphrase the substantive content of a written document which speaks for itself. To the extent that the allegations contained in the Complaint incorrectly paraphrase the written document, Alegis denies same.

20. Alegis lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 20 of the Complaint and therefore denies same. Further answering, the allegations contained in Paragraph 20 of the Complaint attempt to paraphrase the substantive content of a written document which speaks for itself. To the extent that the allegations contained in the Complaint incorrectly paraphrase the written document, Alegis denies same. Gaudette is thus called upon to prove same.

21. Alegis lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 21 of the Complaint and therefore denies same. Further answering, the allegations contained in Paragraph 21 of the Complaint attempt to paraphrase the substantive content of a written document which speaks for itself. To the extent that the allegations contained in the Complaint incorrectly paraphrase the written document, Alegis denies same. Gaudette is thus called upon to prove same.

## CAUSES OF ACTION/CLAIMS

22. <u>Count I</u>  Alegis repeats, re-alleges and specifically incorporates herein by reference its Answers to Paragraphs 1 through 21 above. Further answering, Alegis denies all

allegations of fact and conclusions of law contained in Paragraph 22(a) through 22(f) of the Complaint and puts Gaudette to the strictest burden of proof to establish same.

23. <u>Count II</u>  Alegis repeats, re-alleges and specifically incorporates herein by reference its Answers to Paragraphs 1 through 22 above.  Further answering, Alegis denies all allegations of fact and conclusions of law contained in Paragraph 23(a) through 23(f) of the Complaint and puts Gaudette to the strictest burden of proof to establish same.

24. <u>Count III</u>  Alegis repeats, re-alleges and specifically incorporates herein by reference its Answers to Paragraphs 1 through 23 above.  Further answering, Alegis denies all allegations of fact and conclusions of law contained in Paragraph 24(a) through 24(g) of the Complaint and puts Gaudette to the strictest burden of proof to establish same.

25. <u>Count IV</u>  Alegis repeats, re-alleges and specifically incorporates herein by reference its Answers to Paragraphs 1 through 24 above.  Further answering, Alegis denies all allegations of fact and conclusions of law contained in Paragraph 25(a) through 25(d) of the Complaint and puts Gaudette to the strictest burden of proof to establish same.

26. <u>Count V</u>  Alegis repeats, re-alleges and specifically incorporates herein by reference its Answers to Paragraphs 1 through 25 above.  Further answering, Alegis denies all allegations of fact and conclusions of law contained in Paragraph 26(a) through 26(f) of the Complaint and puts Gaudette to the strictest burden of proof to establish same.

27. <u>Count VI</u>  Alegis repeats, re-alleges and specifically incorporates herein by reference its Answers to Paragraphs 1 through 26 above.  Further answering, Alegis denies all allegations of fact and conclusions of law contained in Paragraph 27(a) through 27(f) of the Complaint and puts Gaudette to the strictest burden of proof to establish same.

28. <u>Count VII</u>  Alegis repeats, re-alleges and specifically incorporates herein by reference its Answers to Paragraphs 1 through 27 above.  Further answering, Alegis denies all allegations of fact and conclusions of law contained in Paragraph 28(a) through 28(f) of the Complaint and puts Gaudette to the strictest burden of proof to establish same.

29. No response to Paragraph 29 of the Complaint is required.  However, Alegis denies that Gaudette is entitled to a trial by jury as there has been no violation of any law.

30. Alegis denies the allegations contained in Paragraph 30 of the Complaint.

31. Alegis denies that Gaudette is entitled to any of the relief sought as alleged in Paragraphs 31(a) through 31(j) of the Complaint.

32. Alegis denies that Gaudette is entitled to punitive damages as set forth in Paragraph 32 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Gaudette fails to state any claim upon which relief may be granted.

### SECOND DEFENSE

Any and all action of Alegis, as it relates or may relate to Gaudette and to the extent required by law, have been in accordance with the Fair Debt Collection Practices Act and the Fair Credit Reporting Act.

### THIRD DEFENSE

To the extent that the Fair Debt Collection Practices Act was violated, which Alegis denies, such violation was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonable adapted to avoid such errors.

### FOURTH DEFENSE

Alegis affirmatively asserts that there has been no violation of law.

**FIFTH DEFENSE**

Any violation of law or damage suffered by Gaudette, which Alegis denies, was due to the affirmative actions and/or omissions of Gaudette or other persons for whom Alegis is not liable or responsible and does not give rise to any liability of Alegis.

**SIXTH DEFENSE**

Any violation of the law or damage suffered by Gaudette, which Alegis denies, was due to the affirmative actions and/or omission of Gaudette or other persons and does not give rise to any claim of damages against Alegis.

**SEVENTH DEFENSE**

Gaudette's claims are barred, in part or in whole, by the applicable statute of limitations.

**EIGHTH DEFENSE**

Gaudette suffered no damages from the alleged violations of Alegis, if any, and therefore is not entitled to any award of damages, attorneys' fees or costs.

**NINTH DEFENSE**

Gaudette's claims against Alegis are without merit and have been brought in bad faith, and/or for the purpose of harassing Alegis.

**TENTH DEFENSE**

Alegis reserves the right to plead additional defenses under F.R.C.P. 8(c) and 12(b) and as may be revealed through discovery, including insufficiency of service of process.

**ELEVENTH DEFENSE**

Alegis reserves the right to bring claims for attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) and 15 U.S.C. §§ 1681n(c) and 1681o(b).

**TWELFTH DEFENSE**

Upon information and belief, Gaudette is bound to arbitration pursuant to his underlying credit agreement.

**THIRTEENTH DEFENSE**

To the extent Alegis was contractually or otherwise obligated to Gaudette, Gaudette was first to breach said contract or agreement and is therefore not entitled to any recovery.

**FOURTEENTH DEFENSE**

Gaudette's claims are barred by his own acts and conduct.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Gaudette's claims are barred by the doctrine of estoppel.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Gaudette's claims are barred by the doctrine of waiver.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Gaudette's claims are barred by his own unclean hands.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Gaudette has sustained no damages for which Alegis is responsible or liable.

**NINETEENTH AFFIRMATIVE DEFENSE**

Gaudette's claims are barred by the doctrine of laches.

**TWENTIETH AFFIRMATIVE DEFENSE**

If Gaudette incurred damages, they were caused by the acts and conduct of a third party for which Alegis is not liable.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Alegis denies that the denial of any application for credit which Gaudette alleges to have made was the result of any act or omission of Alegis.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Alegis is not a Credit Reporting Agency, and is not liable for violations, if any, of the Fair Credit Reporting Act.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Gaudette has sustained no harm or damages for which Alegis is either liable or responsible.

**PRAYERS FOR RELIEF**

**WHEREFORE,** Defendant Alegis Group Limited Partnership, prays for an order and judgment of this Court in its favor and against the Plaintiff, Steven Gaudette, as follows:

1. Dismissing all counts / causes of action asserted against the Defendant, Alegis Group Limited Partnership, with prejudice and with costs for the Defendant;

2. Awarding the Defendant, Alegis Group Limited Partnership, its reasonable attorneys' fees and costs pursuant to either or both the Fair Debt Collection Practices Act and the Fair Credit Reporting Act; and

    3.    Awarding the Defendant, Alegis Group Limited Partnership, such other and further relief as the Court deems just and equitable.

Respectfully submitted,<br>
ALEGIS GROUP LIMITED<br>
PARTNERSHIP,<br><br>
By its Attorneys,<br>
RIEMER &amp; BRAUNSTEIN LLP

Dated: January 13, 2005        /s/ Steffani Jill Boudreau
                                        Steffani Jill Boudreau
                                        BBO No. 564967
                                        Riemer & Braunstein LLP
                                        Three Center Plaza
                                        Boston, Massachusetts  02108
                                        (617) 523-9000

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN GAUDETTE,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>ALEGIS GROUP LIMITED PARTNERSHIP; and SHERMAN ACQUISITION LIMITED PARTNERSHIP,<br><br>　　　　　　　Defendants | DOCKET NO.: CV04-12645 JLT |

**CERTIFICATE OF SERVICE**

　　　　I, Steffani Jill Boudreau, hereby certify that on this date, January 13, 2005, I served the foregoing Answer of Alegis Group Limited Partnership by causing a copy of same to be delivered by first-class mail, postage prepaid, unless otherwise indicated, to:

　　　　Steven Gaudette
　　　　46 Bow Street, No. 2
　　　　Medford, Massachusetts  02155

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Steffani Jill Boudreau

871616.1