UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN GAUDETTE,<br><br>    Plaintiff<br><br>v.<br><br>ALEGIS GROUP LIMITED PARTNERSHIP; AND SHERMAN ACQUISITION LP,<br><br>    Defendant | CIVIL ACTION NO. 04CV12645 JLT |

### DEFENDANTS' STATEMENT PURSUANT TO LOCAL RULE 16.1(D)

Pursuant to Local Rule 16.1(D), the Defendants submit the following Statement pursuant to Rule 16.1(D). While efforts had been made by the Defendants to file a Joint Statement, the Plaintiff caused his Statement to be filed without first providing it to Defendants' counsel for review, comment or assent. As such, this Statement is filed solely by and on behalf of the Defendants.

    1.    **Defendants' Description of the Action**. This action was brought by the Plaintiff, Steven Gaudette ("Gaudette"), against the Defendants, Sherman Acquisition LP ("Sherman") and Alegis Group Limited Partnership ("Alegis"). According to the Complaint, Gaudette claims that the Defendants have engaged in acts in violation of the Fair Debt Collection Practices Act (15 U.S.C. § 1692a, et seq.) (the "FDCPA"), and/or the Fair Credit Reporting Act (15 U.S.C. §1681a, et seq.) (the "FCRA"), in connection with certain credit card debt originally due and owing from Gaudette to Providian Financial, and assigned to Sherman, which Sherman maintains remains outstanding. Specifically, the Complaint alleges that the Defendants, Sherman and Alegis, engaged in certain unlawful debt collection practices and unfair credit reporting acts. In addition to statutory damages and attorneys' fees, Gaudette maintains that he

sustained harm as a result of the alleged actions of Sherman and/or Alegis, i.e., the indicia of the indebtedness on his credit report which, he maintains, was the basis for denials by Fleet Bank and Digital Federal Credit Union of certain applications for "Personal Loans."

In response, the Defendants, Sherman and Alegis, each answered that neither engaged in unfair debt collection nor credit reporting insofar as it relates to the collection of the indebtedness from Gaudette. The Defendants further answered that they have committed no acts in violation of the FDCPA or the FCRA, or otherwise, that they are not responsible nor liable to Gaudette for the conduct about which he complains, and that if any such violation occurred, same was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors. As to the facts, Sherman purchased Guadette's credit card indebtedness from Providian Financial, and outsourced its collection to certain debt collection agencies, the actions for which Sherman is neither responsible nor liable. Randolph v. IMBS, 368 F.3d 726 (7th Cir. 2004). Alegis was involved in the collection of the indebtedness from Gaudette, but at all times complied with both the FDCPA and the FCRA, to the extent applicable. Sherman and Alegis maintain that the denial of the loan applications which Gaudette attributes to the conduct of either or both resulted *not* from the reporting of Sherman or Alegis, but rather from other indebtedness evidenced in Gaudette's Credit Reports, as well as by virtue of the history of Gaudette's credit card use, and further, that the reporting of Gaudette's debt to Sherman was accurately depicted and verified upon request. Finally, Sherman and Alegis maintain that the indebtedness from Sherman remains outstanding, and that the claims of Gaudette are subject to, a set-off of the amounts due therefrom and the cap imposed by the FDCPA and the FCRA.

2. There are at least four (4) separate and distinct sets of issues to be addressed by the Court:

   a. Whether either of the Defendants engaged in debt collection activities which were or may have been covered under the FDCPA. If answered in the affirmative, whether Sherman or Alegis violated any portion of the FDCPA. And, if answered in the affirmative, whether any such violations were unintentional and the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

   b. Whether the Sherman and/or Alegis engaged in acts of credit reporting covered under the FCRA. If answered in the affirmative, whether Sherman or Alegis violated any portion of the FCRA. And, if answered in the affirmative, whether any such violations were unintentional and the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

   c. Whether the Plaintiff, Gaudette, is liable to Sherman for the outstanding indebtedness of $1,897.60 from which the alleged collection/reporting activities arose.

   d. Whether the liability of the Defendants, is any, is capped pursuant to the FDCPA and the FCRA.

   e. There may also be an issue of whether this Court has jurisdiction over the subject matter of this proceeding, and whether the claims of Gaudette are subject to a mandatory arbitration agreement.

3. **Discovery to be Completed.**

a.  <u>Automatic Disclosures</u>. The parties have exchanged Automatic Discovery Disclosures.

b.  <u>Defendants' Discovery</u>. The Defendants seek to conduct the deposition and request related documents of the Plaintiff to inquire, among other things, as to Plaintiff's basis for commencing this action, as well as the level of inquiry which the Plaintiff made prior to the commencement of this action. In addition, the Defendant intends to seek documents, propound Interrogatories and Requests for Admissions upon the Plaintiff.

c.  <u>Schedule.</u> Presently there are no outstanding discovery issues. The Defendants submit that written discovery and depositions of fact witness should be completed by August 12, 2005.

4.  **Proposed Motion Scheduling**. Upon the completion of discovery, the Defendants believe that this matter will be appropriate for disposition by Summary Judgment within ninety (90) days thereafter.

5.  **Local Rule 16.1(d)(3) Certifications**. Will be filed independently by the Defendants.

Dated: February 22, 2005

SHERMAN ACQUISITION LP; and
ALEGIS GROUP LIMITED PARTNERSHIP,
By its Attorneys,

_____
Steffani Jill Boudreau
BBO No. 564967
Riemer & Braunstein LLP
Three Center Plaza
Boston, Massachusetts 02108
(617) 523-9000

877972.1

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN GAUDETTE,<br><br>    Plaintiff<br><br>v.<br><br>ALEGIS GROUP LIMITED PARTNERSHIP; AND SHERMAN ACQUISITION LP,<br><br>    Defendant | CIVIL ACTION NO. 04CV12645 JLT |

## CERTIFICATE OF SERVICE

    I, Steffani Jill Boudreau, hereby certify that on this date, February 22, 2005, I served the foregoing by causing a copy of same to be delivered by first-class mail, postage prepaid, and e-mail, to the Plaintiff.

                                              /s/ Steffani Jill Boudreau
                                              Steffani Jill Boudreau

877970.1