FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

U.S. DISTRICT COURT
DISTRICT OF MASS.

2005 MAR 10 P 12: 51

| | |
|---|---|
| STEVEN GAUDETTE,<br>           Plaintiff,<br>     vs.<br><br>ALEGIS GROUP LIMITED<br>PARTNERSHIP;,   and SHERMAN<br>ACQUISITION LP<br>     Defendants | ) Case No.: 04 cv 12645 JLT<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

### I. INTRODUCTION

Plaintiff, Steven Gaudette ("plaintiff") commenced this action against Defendant Sherman Acquisition LP ('Sherman") for statutory damages, actual damages, punitive damages and attorney fees and costs under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2 et seq. for engaging in illegal debt collection practices and reporting inaccurate information on the Plaintiffs Credit reports. The dispute revolves around a charged off debt that Sherman, a financial institution that purchases delinquent debt, purchased from Providian Financial. This charged off debt, alleged to be owed by the

1

3. On September 10th 2004 plaintiff received the results of the Equifax dispute, the account that the defendant supplied to Equifax was verified as being reported correctly. No dispute notation is listed in the account that the defendant reported. (**Exhibit C**)

4. On September 20 2004 the plaintiff sent a second certified letter to defendant disputing the inaccurate information being reported to the credit reporting agencies. (**Exhibit D**). The defendant admits to receiving this communication. (**Defendants Answer of the complaint ¶ 15**)

5. On October 04, plaintiff received the results of an earlier Equifax dispute; (**Exhibit E**) defendant admits to verifying the information being reported. (**Defendants Answer of the complaint ¶ 14**) No dispute notation is listed in the account that the defendant verified.

6. On October 16 Plaintiff sent a third certified letter to Sherman disputing the account (**Exhibit F**) Defendant admits that the letter appears to have been mailed. (**Defendants Answer of the complaint(¶ 19**)

7. On October 22 plaintiff received his credit report from Equifax from an earlier request. The account that the defendant reported to Equifax, is listed as 120

3

days past due, and open. No dispute notation is listed
in the account that the defendant reported. (**Exhibit G**)

8. On October 22 plaintiff received his credit report
from Experian from an earlier request. The account
that the defendant is reporting is listed with no
dispute notation. (**Exhibit H**)

## III. STATEMENT OF THE LAW

### A. SUMMARY JUDGMENT STANDARD

Summary judgment is proper if there are no disputed
issues of material fact and the moving party is entitled to
judgment as a matter of law. Fed.R.Civ.P.56(c); Celotex
Corp. v. Catrett, 477 U.S.317(1986); Unigroup, Inc. v.
O'Rourke Storage & Transfer Co., 980 F.2d 1217, 1219-20(8th
Cir. 1992). The nonmoving party must demonstrate the
existence of specific facts in the record that create a
genuine issue for trial. Krenik v. County of Le Sueur, 47
F.3d 953, 957(8th Cir. 1995). A party opposing a properly
supported motion for summary judgment may not rest upon
mere allegations or denials, but must set forth specific
facts showing that there is a genuine issue for trial.
Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986);
Krenik, 47 F.3d 743, 747 (8th Cir. 1996).

## B. THE FAIR DEBT COLLECTION PRACTICES ACT

The Fair Debt Collection Practices Act ("FDCPA") states
that its purpose, in part, is "to eliminate abusive debt
collection practices by debt collectors because "[e]xisting
laws and procedures for redressing these injuries are
inadequate to protect consumers" 15 U.S.C. §§ 1692(b) and
(e) The focus of the FDCPA is on the conduct of the debt
collector, not the consumer. *See Keele v. Wexler*, 149 F 3rd
589,594(7th Cir.1998). The question of whether the consumer
owes the alleged debt has no bearing on a suit brought
pursuant to the FDCPA, (See *McCartney v. First City Bank*,
970 F. 2d 45, 47 (5th Cir. 1992); *Baker v. G.C. Services
Corp.*, 677 F.2d 775, 777 (9th Cir. 1982). The FDCPA is a
strict liability statute, see *Russell v Equifax* A.R.S., 74
F.3d 30, 33 (2d Cir. 1996) a Plaintiff need only prove one
violation of the Act to trigger liability, see *Cavallaro v.
Law Office of Shapiro & Kreisman*, 933 F. Supp. 1148, 1153
(E.D.N.Y. 1996). Determinations as to whether the debt
collector's conduct violates the Act are made from the
viewpoint of the "unsophisticated" or "least sophisticated"
consumer or debtor. "The basic purpose of the least
sophisticated consumer standard is to ensure that the FDCPA
protects all consumers, the gullible as well as the

5

shrewd." *Clomon v. Jackson*, 988 F. 2d 1314, 1318 (2d Cir. 1993). The FDCPA provides a remedy for consumers who are subjected to abusive, deceptive, or unfair trade collections practices by debt collectors. See *United States v. National Fin. Services Inc.*, 98 F.3d 131, 135 (4th Cir. 1996), See also *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 400 (3d Cir. 2000) The FDCPA prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt 15 U.S.C. § 1692e. Among the conduct that violates this provision is the "communication or threat to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8) The term "*communication*" is given a very broad definition in the act. It is defined as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a. Because reporting a debt to a credit reporting agency is communication in connection with the collection of a debt, the reporting of such a debt in violation of the provisions of § 1692e(8), can subject a debt collector to liability under the FDCPA.

## C. SHERMAN ACQUISITION IS LIABLE UNDER THE FDCPA

Sherman Acquisition LP, a financial institution which purchases delinquent debts and is a "debt collector" within the meaning of the FDCPA with respect to the delinquent debts. The courts have repeatedly ruled that purchasers of delinquent debt are debt collectors as defined in 15 U.S.C. §§ 1692b-i, 1692k see *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534 (7th Cir. 2003); *Kimber v. Federal Financial Corp.*, 668 F.Supp. 1480 (M.D.Ala. 1987); *Cirkot v. Diversified Systems*, 839 F.Supp.941 (D.Conn. 1993); *Rublev. Madison Capital, Inc.*, C-1-96-1693, 1998 U.S.Dist. LEXIS 4926 (N.D.Ohio 1998); *Holmesv. Telecredit Service Corp.*, 736 F.Supp. 1289, 1292 (D.Del. 1990 )

*"The legislative history of section 1692a(6) [which defines 'debt collector'] indicates conclusively that a debt collector does not include . . . an assignee of a debt, as long asthe debt was not in default at the time it was assigned."*

*Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985), citing S. Rep. No. 95-382, 95th Cong., 1st Sess. 3, reprinted in 1977 USCCAN 1695, 1698. Conversely, the assignee of a debt which is in default at the time of the assignment is a "debt collector," if the assignee's principal purpose is the collection of debts, or the assignee regularly engages in the collection of debts.

7

*"For instance, a mortgage servicing company is not considered a debt collector when it acquires loans originated by others and not in default at the time acquired. However, to the extent the mortgage servicing company receives delinquent accounts for collection it is a debt collector with respect to those accounts."*

*Games v.Cavazos*, 737 F.Supp. 1368,1384 (D.Del. 1990). The delinquent debt purchased by Sherman is a charged off debt, as shown on the Plaintiffs Equifax report dated March 25, 2002. (Exhibit I) Sherman purchased this delinquent debt in March 2004.

## D. THE UNDERLYING DEBT IS A CONSUMER DEBT

15 U.S.C. §§ 1692a(3) and (5) recite the definitions of "consumer" and "debt." In accordance with these definitions, the collection activity subject to the FDCPA must involve a debt

*"arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family or household purposes. . . ."*

Thus, for example, agricultural and commercial debt collection is excluded from coverage under the FDCPA. *Munk v. Federal Land Bank,* 791 F. 2d 130, 132 (10th Cir. 1986) (per curiam), and *National Union Fire Insurance Company v. Hartel,* 741 F. Supp. 1139, 1140 (S.D.N.Y. 1990). The debt at issue arose from a Providian Bank credit card. As shown listed on the Plaintiffs Equifax report. (Exhibit I) The

8

debt is clearly a 'consumer debt"

## E The Fair Credit Reporting Act.

The Fair Credit Reporting Act ("FCRA") is a consumer protection act that prohibits furnishers of information from reporting inaccurate information to the credit reporting agencies. See 15 U.S.C. § 1681 s-2(a)(1)(B)(2). The FCRA provides for a private right of action to consumers to enforce the procedures outlined in the act. See 15 U.S.C. § 1681n & 1681o. In addition, if a furnisher of information receives notice from a consumer reporting agency that the information reported to that agency has been disputed, certain duties are triggered. Upon such notice, the furnisher has a duty to conduct an investigation with respect to the disputed information, to review all relevant information provided by the agency, and to report the results of the investigation to the agency. See 15 U.S.C. § 1681s-2(b)(1). If the furnisher determines that the information provided was, in fact, incomplete or inaccurate, the furnisher must report those results to the other consumer reporting agencies to which the information had been sent. See 15 U.S.C. § 1681s-2(b)(1)(D)

## IV. ARGUMENT

### 1) Defendant Communicated False Credit Information, Violating 15 U.S.C. 1692e, 1692e (2)(a), 1692e(8), and 1692e(10) of the FDCPA.

The FDCPA prohibits making false, deceptive or misleading representations in an attempt to collect a debt. Section 1692e provides,

*"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:"   (2)(a)the character, amount, or legal status of any debt; (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.(10)The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;*

As shown in the Plaintiffs Equifax credit report from March 2002, the Providian debt in question was charged off in May 2001, the account status is a "charged off account", this is noted by the "date of last activity" of 05/01 (Exhibit I) A debt becomes "charged off" when it is removed from the credit card issuer's books as an asset after it has been delinquent for a period of time, usually 180 days. According to the FCRA, an account that has been charged off can only report on a credit report for 7 years

*"Accounts placed for collection or charged to profit and loss which antedate the report by more than seven years."*

10

*see* <u>15 U.S.C. § 1681c] (4)</u>

In the Amason FTC Staff Opinion letter, Brinckerhoff replies that the reporting period does not extend if the original creditor sells or transfers the account to another creditor. *"Congress intended to establish a date certain – 180 days after the start of the delinquency that that led to the charge off"* (Exhibit J [1])

According to Equifax, "date certain" is reflected as the date of last activity or "DLA" of the seven year period. (Exhibit K [2]) The Defendant communicated to Equifax that the date of last activity or "date certain" was April 2004 (Exhibit E). The Defendant admits to verifying the information in their Answer to the complaint. (Defendant Answer ¶ 14.) The changing of this date extended the length of which the account would be reported on the plaintiffs' Equifax report by over two years. In addition, on three occasions (Exhibits C, E and G) the defendant *"misrepresented the character of the account by claiming it was open"*. See *Martinez v. Albuquerque Collection Services, Inc.*, 867 F.Supp.1495(D.N.M. 1994). When a consumer closes an open-ended account or if the account defaults and the credit grantor closes the account, the account is closed.

---

[1] Source : http://www.ftc.gov/os/statutes/fcra/amason.htm

[2] Source : https://www.econsumer.equifax.com/consumer/sitepage.ehtml?forward=cs_about_faqs

Once the account is closed, it cannot be re-opened, except by the original creditor. By definition, there can only be one original creditor. The fact that the original creditor sold, transferred or otherwise assigned its rights to another is irrelevant. The Defendant cannot re-open the account because they cannot extend credit. To report the account as "open" is not only false, since the account was charged off and closed and cannot be re-opened, but it is a misrepresentation because it suggests that credit has been extended, when in fact, it has not, and the Defendant has not extended credit in this case. The account cannot be 120+ days past due for over two years, since it was charged off at 180 days over 2 years ago it is a misrepresentation that was voluntarily communicated to Equifax by the defendant.

### 2. Defendant Violated 15 U.S.C. §§ 1692 e and e(8) by Reporting False Information about Plaintiffs' Alleged Debt to Credit Reporting Agencies Including Not Communicating that the Debts Were Disputed.

The general prohibition of 15 U.S.C. § 1692e provides that

"A debt collector may not use any false, deceptive or misleading misrepresentation or means in connection with the collection of any debt."

12

The statute goes on to specifically enumerate that one violation is "*[C]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.*" 15 U.S.C. § 1692e (8). This section prohibits the actual communication of false credit information as well as the threat to communicate false credit information. The plaintiff notified defendant that debt was disputed on three occasions. The defendant received the first dispute communication on August 3, 2004. The defendant admits to receiving this communication in the Answer of the complaint (¶ 8[3] ) The defendant received plaintiffs second dispute communication on September 24, 2004 (Exhibit D) The defendant admits to receiving the communication in the Answer of the complaint (¶ 15) The defendant received the third dispute communication on October 16, 2004.(Exhibit F) Despite these notifications of the dispute, the defendant took no action in response to these letters to report the debt as disputed. Defendant continued to report the alleged debt to Equifax without reporting the dispute. Defendant voluntarily reported the alleged debt to Equifax without

---

[3] Although the defendant avers it received the communication on August 11,2004, it was actually signed and received by defendant on Aug. 3rd 2004) (Exhibit A)

including information indicating that the Plaintiff

disputed the debt (Exhibits C, E and G) as well as to

Experian (Exhibit H). The violations for inaccurate

reporting continued, as of 10/21/2004, Defendant still has

not taken the proper steps to report the debt as disputed.

The account placed on the plaintiffs Equifax and Experian

report by the defendant is not listed as disputed. At least

until that point, defendant failed to correct its erroneous

reporting concerning the alleged debt. On each occasion

that the defendant communicated to the credit reporting

agencies without reporting as in dispute, is a repeated

violation of §§ 1692e and 1692e (8).

**3) Defendant Violated 15 U.S.C. § 1681s-2 §) (3) by not providing accurate information and not providing a notice of dispute.**

The general prohibition of FCRA 15 U.S.C. § 1681s-2

provides that furnishers of information to a credit

reporting agency, such as defendant, are liable for

reporting inaccurate information `to any consumer reporting

*agency if (it) knows or consciously avoids knowing that the*

*information is inaccurate."* The statute continues to 1681s-

2 §) (3)

`*Duty to provide notice of dispute. If the completeness or*
*accuracy of any information furnished by any person to any*

14

*consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.'*

The plaintiff notified defendant that the debt was disputed on three occasions. (Exhibits C,E and G ) The defendant admitted in the Answer to the complaint that it received the communications from the plaintiff. (¶ 8 and ¶15) Therefore, the defendant either knew or consciously avoided knowing that the information was inaccurate and that there was a dispute to the information that was being reported. The continuing reporting of the information to Equifax and Experian without the "consumer disputes" notation is inaccurate reporting in itself since defendant didn't provide that... in its reporting.

## V CONCLUSION

For the reasons set forth above, it is respectfully requested that the Court: 1) issue an order pursuant Fed.R.Civ.P.56(d) that  Defendant's conduct willfully violated the FDCPA; the FCRA; and that Defendant's conduct constitutes willful non-compliance of the FCRA 2) and/or grant summary judgment against defendant for Counts 2a,2b,2C,2e, Count 3a,3b,3c,3e,Count 5a, Count 6a and Count 7a  for the maximum statutory penalties under 15 U.S.C. §

1692k(a)(2)   and the maximum statutory penalties under 15

U.S.C. § 1681n, U.S.C. § 1681o and (3) grant all other

relief to which is just and necessary.


Respectfully submitted,


Steven Gaudette, Plaintiff Pro Se
46 BOW ST 2
MEDFORD MA 02155
781-393-9660

**CERTIFICATE OF SERVICE**

It is hereby certified that the foregoing MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT was served this day by placing copies of the same in a depository under the exclusive care and custody of the United States Postal Service in a first class, postage prepaid envelope to the Attorney for Defendant Sherman Acquisition LP, and properly addressed as follows:

Steffani Jill Boudreau
Riemer & Braunstein LLP
Three Center Plaza
Boston, MA 02108


Steven Gaudette
46 BOW ST 2
MEDFORD MA 02155
781-393-9660


This the 10th day of March, 2005

17