UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN GAUDETTE,<br>     Plaintiff,<br>vs.<br><br>ALEGIS GROUP LIMITED<br>PARTNERSHIP;, and SHERMAN<br>ACQUISITION LP<br>     Defendants | ) Case No.: 04 cv 12645 JLT<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS REPLY TO SHERMAN ACQUISITIONS OPPOSITION TO PLAINTIFFS MOTION FOR PARTIAL SUMMARY JUDGEMENT AND OPPOSITION TO CROSS-MOTION FOR SUMMARY JUDMENT.**

Plaintiff, Steven Gaudette has already outlined his argument in his Motion for Partial Summary Judgment, and will briefly respond to arguments that the defendants have made in opposition.

**1. Defendant does not dispute Plaintiffs Statement of Material Facts.**

Plaintiff, Steven Gaudette, ('Plaintiff") pursuant to Local Rule 56.1, filed a statement of undisputed facts to accompany his motion for summary judgment. Defendant Sherman Acquisitions ("Sherman") has failed to comply with that rule, which requires that " opposition to motions for summary judgments all include a concise statement of the material facts of record as to which it is contended that

there exists a genuine issue to be tried, with page references to affidavits, depositions and other documentation." Under the rule, such a failure is grounds to deem admitted the facts in Plaintiffs 56.1 statement of facts, see *Stonkus v. City of Brockton Sch. Dep't*, 322 F.3d 97, 102 (1stCir. 2003). Sherman has not raised any objection to the statement of facts submitted by the Plaintiff. Therefore, the relevant facts are undisputed. See *Pegasus Mgmt. Co., Inc. v. Lyssa, Inc.*, 995 F. Supp. 29, 31 (D. Mass. 1998) (in summary judgment analysis, court relied on statement of undisputed facts "to the extent that no objection has been interposed or that the particular objection is determined to be without merit"). See also *Carreiro v. Rhodes Gill & Co., Ltd.*, 68 F.3d 1443, 1446 n.3 (1st Cir. 1995) (citing Local Rule 56.1, court states that party opposing summary judgment must provide a concise statement of material disputed facts with citations to appropriate authorities; "properly supported facts set forth by the moving party are deemed admitted unless controverted by the factual statement of the opposing party" To resist summary judgment successfully, a nonmovant must present "definite, competent evidence" on issues for which bears the ultimate burden of proof, *Mesnick v. Gen.Elec. Co.*, 950 F.2d 816, 822 (1st Cir. 1991), cert.

denied, 504 U.S. 985 (1992), the only evidence Sherman has offered to support their claims is an affidavit with attachments in support of the cross-motion for summary judgment. Which in itself is questionable for the reasons shown below by Plaintiff. A party opposing summary judgment cannot rely on conclusory allegations or improbable interferences, but must adduce specific, provable facts which establish that there is a triable issue. *Mass Cash Register,Inc. v. Comtrex System Corp.*,901 F.Supp.404(D. Mass 1995)

## 2. **Defendants Statement of Fact**

Defendant's statements of facts are not facts but statements of which they present no real evidence to support. Defendant attempts to shift the focus of attention to a debt alleged to be owed by the Plaintiff. The focus of this action brought against Defendant is for multiple violations of the Fair Debt Collection Practices Act ("FDCPA") the focus of the FDCPA is on the conduct of the debt collector, not the consumer. *See Keele v. Wexler*, 149 F 3rd 589,594(7th Cir.1998). Even more troubling is that Defendant bases all of their facts on a credit application and calls it an account. (See Defendants Exhibit "A") Defendant misstates numerous facts that are essential to

its theory. These are addressed in Plaintiffs' responses to Defendants' statement of fact filed herewith.

### 3. Defendants Exhibit "A"

Defendants submitted to this court a copy of a credit card application purportedly signed for and mailed by the Plaintiff (Defendants Exhibit "A") Throughout Defendants cross-motion and these proceedings, Defendant refers to this application as an account. Through some magical leap, this credit application transforms into an account because Defendant says so. The application is not an account, and the Defendant continuous reference to it as such does not make it an account. In an attempt to backup their conjured up conclusion, they provide a self serving affidavit which contains inadmissible hearsay[1] and not based on fact. ("Branigan Aff.") Defendant provides no other evidence that Plaintiff has or had an account or is liable to Defendant for the amount they claim. Defendant bases its whole defense on this credit application which they claim to be an account.

### 4. Defendants claim they conducted a reasonable investigation into the Plaintiffs disputes.

---

[1] Plaintiff has filed a Motion to Strike portions of the affidavit and filed herewith..

Defendant claims to have followed the laws of FDCPA and FCRA yet their lack of evidence shows otherwise. Defendants claim they conducted a reasonable investigation into the Plaintiffs disputes. Their investigation into the Plaintiffs dispute consisted of looking at a computer screen and seeing the Plaintiffs name, this is hardly reasonable by any standard. Defendants claim that the account was not disputed the correct way by the Plaintiff. Plaintiff's disputes were in accordance with the FCRA and are documented. Plaintiff disputed the account as "not mine" "I don't have an "open account" with this company" Plaintiffs claims are true and correct as previously stated. According to Defendants theory, plaintiff cannot dispute an account as "not mine" even though no evidence is provided that it is.

**5. Defendants claim that Plaintiffs right to dispute the debt undermines the principles of the FCRA**

Defendants claim that Plaintiffs right to dispute the debt undermines the principles of the FCRA, yet Defendants reporting of this account is based on a credit card application that is claimed to be a valid account is not. The FCRA provides for a private right of action to consumers to enforce the procedures outlined in the act. 15 U.S.C. § 1681n & 1681o. Plaintiff disputed the validity of

the debt and looked to have it removed from his credit reports in accordance with the procedures outlined in the act. The FCRA is a consumer protection act that prohibits furnishers of information from reporting inaccurate information to the credit reporting agencies. <u>15 U.S.C. § 1681 s-2(a)(1)(B)(2)</u>. The information reported by Defendant to the credit reporting agencies is incorrect and was and is to this day based solely on a credit card application that they claim is a valid account. Defendant is a "furnisher of information" to the credit reporting agencies and must adhere to the law when furnishing information.

**6. Defendant claims Plaintiff cannot show that Defendant Sherman 'maliciously and willfully" violated the FCRA.**

Defendant states that Plaintiff cannot show that Defendant Sherman 'maliciously and willfully" violated the FCRA. The Plaintiffs evidence shows not only Defendants contempt for the law, but continuous malicious and willful violations by reporting inaccurate information and re-aging the account in question. Defendants own evidence (Def. Exh "A") shows their willful disregard for the law. Plaintiff disputed the account and each time, Defendant furnished information to the credit reporting agencies that it was a valid account. Defendant based this information on a credit card application they claim to be a valid account.

**CONCLUSION**

For the foregoing reasons, and those in Plaintiffs Memorandum of Law in support of his Motion for Partial Summary Judgment, Plaintiff respectfully requests that this Court grant his motion for Partial Summary Judgment and deny Defendants Motion for Summary Judgment.

Respectfully submitted,

*/s/ Steven Gaudette — Pro Se*

Steven Gaudette, Plaintiff Pro Se
46 BOW ST 2
MEDFORD MA 02155
781-393-9660

**CERTIFICATE OF SERVICE**

    It is hereby certified that the foregoing PLAINTIFFS REPLY TO SHERMAN ACQUISITIONS OPPOSITION TO PLAINTIFFS MOTION FOR PARTIAL SUMMARY JUDGEMENT AND OPPOSITION TO CROSS-MOTION FOR SUMMARY JUDMENT was served this day by placing copies of the same in a depository under the exclusive care and custody of the United States Postal Service in a first class, postage prepaid envelope to the Attorney for Defendant Sherman Acquisition LP, and properly addressed as follows:

Steffani Jill Boudreau
Riemer & Braunstein LLP
Three Center Plaza
Boston, MA 02108

_____
Steven Gaudette
46 BOW ST 2
MEDFORD MA 02155
781-393-9660


This the 30th day of March, 2005