UNITED STATES DISTRICT COURT
FOR THE CLERKS OFFICE
DISTRICT OF MASSACHUSETTS

2005 MAR 30 A 9:29

STEVEN GAUDETTE,  ) Case No.: 04 cv 12645 JLT
    Plaintiff,  )
vs.  ) DISTRICT COURT
  ) DISTRICT OF MASS.
  )
ALEGIS GROUP LIMITED  )
PARTNERSHIP;, and SHERMAN  )
ACQUISITION LP  )
    Defendants

## PLAINTIFFS COUNTER STATEMENT OF FACTS OBJECTIONS AND RESPONSES TO DEFENDANTS STATEMENT OF FACTS

Pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1, Plaintiff, Steven Gaudette, submits this response to the statement of facts in opposition to Defendant Sherman Acquisition's ("Sherman") cross-motion for summary judgment. Additional and alternative undisputed facts are included in Plaintiffs Motion for Partial Summary Judgment which was filed with this Court. The response sets forth the reasons the plaintiff disputes each paragraph, whether in whole or in part. Key admissions are identified, as are omissions of material facts and other material misrepresentations of evidence. Those statements that should be stricken from the record as inadmissible are identified, and references are provided to the Plaintiff's Motion to Strike Portions of the Defendants' Affidavit and

Documents Submitted by Defendant. (Pl. Motion to Strike"), which the plaintiff has filed as a separate motion in accordance with the rules of civil procedure.

A. **DEFENDANTS FACTS**

1) Plaintiff applied for a Visa Gold credit card from his original creditor, Providian Financial Corp, on or about May 12, 2000. (Affidavit of Kevin Branigan ("Branigan Aff.")),¶ 3,Exhibit "A" credit card application).

**Plaintiff's response**

Disputed on the grounds that the statement references and is based on inadmissible hearsay. (See Pl. Motion to Strike ¶ 2c)

2) Through the use of that card, Plaintiff accrued debt in the amount of approximately $1,892 which has not been paid. (Branigan Aff., ¶ 4)

**Plaintiff's response**

Disputed on the grounds that the statement references and is based on inadmissible hearsay. (See Pl. Motion to Strike ¶ 2d)

3) Providian sold Plaintiff's debt to Sherman on or about March 24, 2005. ((Branigan Aff., ¶ 5)

**Plaintiff's response**

Disputed on the grounds that this statement misquotes the document from which it is derived, additionally it refers to debt owed by the Plaintiff which is supported by no evidence.

4) Sherman subsequently reported Plaintiff's debt to a credit reporting agency on or about April 21, 2004. (Branigan Aff., ¶ 6)

**Plaintiff's response**

Disputed on the grounds that the statement references and is based on inadmissible hearsay. (See Pl. Motion to Strike ¶ 2d)

5) Plaintiff thereafter asserted that he "disputed" the debt in a letter received by Sherman on or about August 11, 2004, contrary to the evidence. Plaintiff claimed that his account with Providian was not his account. (See Exh."B") to Plaintiff's Complaint).

**Plaintiffs response**

Disputed, The statement incorrectly refers to a letter (Plaintiffs Exh "B") that was received by Sherman. Plaintiff' admits that he sent a letter to Experian, which

was received on August 10th 2004, to dispute the inaccurate reporting of two Providian accounts that are on his report.

6) However, Defendant Sherman is in possession of Plaintiff's credit card application showing his signature. ("Branigan Aff.")), ¶ 3, Exhibit "A" credit card application).

**Plaintiff's response**

Disputed on the grounds that the statement references and is based on inadmissible hearsay. (See Pl. Motion to Strike ¶ 2c)

7) Nevertheless, on or about October 21, 2004, Sherman reported to the credit reporting agencies that Plaintiff's debt was in dispute. (Branigan Aff., ¶ 7).

**Plaintiff's response**

Disputed on the grounds that this statement misquotes the document from which is derived, additionally it refers to debt owed by the Plaintiff which is supported by no evidence. Sherman doesn't report debt, they report accounts. According to the Plaintiffs credit reports the account was not in dispute as of December 21, 2004.

8) Plaintiff has never disputed the amount owing to Sherman, but has disputed only that the account in question was his, which is invalidated by the credit card application attached to the Affidavit of Mr. Branigan. ("Branigan Aff.)

**Plaintiff's response**

Disputed on the grounds that the referenced credit card application does not constitute a valid account or Plaintiff owes Defendant an amount. Plaintiff has disputed this account in its entirety numerous times. (See Exhibits "A" "G"and "K",) to Plaintiff's Complaint).

Respectfully submitted,

Steven Gaudette, Pro Se
46 BOW ST 2
MEDFORD MA 02155
781-393-9660

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN GAUDETTE,<br>          Plaintiff,<br>     vs.<br><br>ALEGIS GROUP LIMITED<br>PARTNERSHIP;, and SHERMAN<br>ACQUISITION LP<br>     Defendants | ) Case No.: 04 cv 12645 JLT<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**CERTIFICATE OF SERVICE**

It is hereby certified that the foregoing PLAINTIFFS COUNTER STATEMENT OF FACTS OBJECTIONS AND RESPONSES TO DEFENDANTS STATEMENT OF FACTS were served this day by placing copies of the same in a depository under the exclusive care and custody of the United States Postal Service in a first class, postage prepaid envelope to the Attorney for Defendant Sherman Acquisition LP, and properly addressed as follows:

Steffani Jill Boudreau
Riemer & Braunstein LLP
Three Center Plaza
Boston, MA 02108

_____
Steven Gaudette
46 BOW ST 2
MEDFORD MA 02155
781-393-9660

This the 30th day of, March 2005