UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

FILED

STEVEN GAUDETTE,                          ) Case No.: 04 cv 12645 JLT
        Plaintiff,                        )
    vs.                                   )
                                          )
ALEGIS GROUP LIMITED                      )
PARTNERSHIP;, and SHERMAN                 )
ACQUISITION LP                            )
    Defendants

---

## PLAINTIFFS MOTION TO STRIKE PORTIONS OF THE DEFENDANTS AFFIDAVIT AND DOCUMENTS SUBMITTED BY DEFENDANT

Pursuant to Rule 56 (e) and Rule 12(f) of the Federal Rules of

Civil Procedure, Plaintiff Steven Gaudette hereby moves to strike

portions of the Affidavit of Kevin Branigan and portions of the

Defendants Statement of Facts which are not based upon personal

knowledge or which contain inadmissible hearsay. Plaintiff also

moves to strike the documents submitted by Sherman's attorney on

the grounds that they are inadmissible as they do not serve to

establish a genuine issue of material fact.

## I ARGUMENT

### 1. Legal Standard

Once the moving party has asserted that no genuine issue of

material fact exists, the burden is on the opposing party to

point to specific facts demonstrating that there is, indeed, a

trial worthy issue. *National Amusements, Inc. v. Town of Dedham,*

*43 F.3d 731, 735* (1st Cir. 1995), aff'd, 515 U.S. 1103 (1995).

Rule 56(e) requires the opposing party to meet this burden with admissible evidence.  "Hearsay evidence, inadmissible at trial, cannot be considered on a motion for summary judgment." *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir. 1990).  Likewise, "the First Circuit will reject responses by nonmovants that adduce statements not based on personal knowledge or that adduce conjectural or conclusory allegations." *Nicholson v. Promotors on Listings,* 159 F.R.D. 343, 348 (D. Mass. 1994).

## 2. Affidavit of Kevin Branigan

a) In support of Defendant Sherman Acquisition's Opposition to Plaintiffs Motion for Partial Summary Judgment and Cross Motion for Summary Judgment, Sherman submitted an affidavit by Kevin Branigan who is a defendant in this case. Affidavit of Kevin Branigan ("Branigan Aff.")

b) Branigan states "*I am familiar with the Plaintiffs Providian Visa Gold credit card account*" (Brann Aff. ¶ 2) Branigan does not have personal knowledge that Plaintiff has or had a Providian credit card account and does not provide any evidence to support his statement. As shown below, his "familiarity" is based solely on an application for credit purportedly pursued by Plaintiff. Branigan's conclusory statement is not based on personal knowledge and is inadmissible hearsay and must be stricken and disregarded by the court.

c) Branigan states *"That the credit application provided to Sherman by Providian indicates that Plaintiff signed up for the account prior to May 26, 2000"* (Aff ¶ 3) Branigan has no personal knowledge of this account. The exhibit he refers too looks to be an "application" for credit. Even if Plaintiff did submit this application for credit consideration, it is not a "sign up" for an account; it is an "application" for credit. Branigan has no personal knowledge that Plaintiff was actually approved for credit or that Plaintiff received a credit card or credit or that Plaintiff actually used the credit card or credit. Branigan also concludes that the account was "signed up" prior to May 26, 2000, and bases this information on an expiration date which is on the application, he assumes it was mailed by the Plaintiff before that date. Branigan's statement is hearsay and is not based on personal knowledge and must be stricken and disregarded by the Court.

d) Branigan states *"That Plaintiff owes approximately $1,892 on the Account."* (Aff ¶ 4) Branigan does not provide any documentation on how he came up with this amount. Since he states *"That Sherman Acquisition LP purchased the account from Providian on or about March 24, 2004"*[1](Aff. ¶ 5) Branigan could not possibly have any personal knowledge of how that amount came to be prior to that date. Branigans personal knowledge of his statement consists of looking at a computer screen and seeing

that amount. Branigan comes to the conclusion that Plaintiff owes
this amount based on an "indication" that Plaintiff "signed up"
for an account. Branigan is relying on an 'application" for
credit as verification of a debt and amount that is purported to
be owed by the Plaintiff. Branigan's conclusory statement is not
based on personal knowledge and must be stricken and disregarded
by the Court.

e) Branigan states "On or about April 21, 2004, Sherman initially
reported Plaintiff's Account to the credit reporting agencies"
Aff ¶ 6) Based on the foregoing conclusionary statements made by
Branigan, his assertion that there is an account belonging to the
Plaintiff is not based on personal knowledge. This statement is
inadmissible hearsay and must be stricken and disregard by the
Court.

## 3. The Special Affidavit of Counsel for Sherman Acquisition and the Accompanying Documents.

a) The Documents included with Sherman's Opposition to Plaintiffs
Motion for Partial Summary Judgment must be stricken because they
are documents that serve no issue of material fact. Sherman has
provided no grounds for the admissibility of these documents. As
a result, because these documents would not be admissible as
evidence at a trial they must be stricken and disregarded by the
court. See Finn v Consolidated Rail Corp 783 F.2d 13, 16 (1st Cir
1986) ('Materials that would be inadmissible at trial cannot be

considered on a motion for summary judgment because, if offered
at trial, it would not serve to establish a genuine issue of
material fact").

**II CONCLUSION**

For the foregoing reasons, Plaintiff Steven Gaudette respectfully
requests that this court GRANT his Motion to Strike portions of
Defendants affidavit and the documents submitted by Defendants
Attorney.

Respectfully submitted,

Steven Gaudette, Pro Se
46 BOW ST 2
MEDFORD MA 02155
781-393-9660

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

STEVEN GAUDETTE,                         ) Case No.: 04 cv 12645 JLT
            Plaintiff,                   )
        vs.                              )
                                         )
                                         )
ALEGIS GROUP LIMITED                     )
PARTNERSHIP;, and SHERMAN                )
ACQUISITION LP                           )
        Defendants

**CERTIFICATE OF SERVICE**

        It is hereby certified that the foregoing MOTION TO
STRIKE PORTIONS OF THE DEFENDANTS AFFIDAVIT AND STATEMENT
OF MATERIAL FACT AND DOCUMENTS SUBMITTED BY DEFENDANT were
served this day by placing copies of the same in a
depository under the exclusive care and custody of the
United States Postal Service in a first class, postage
prepaid envelope to the Attorney for Defendant Sherman
Acquisition LP, and properly addressed as follows:

Steffani Jill Boudreau
Riemer & Braunstein LLP
Three Center Plaza
Boston, MA 02108


Steven Gaudette
46 BOW ST 2
MEDFORD MA 02155
781-393-9660



This the 30th day of, March 2005