UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN GAUDETTE,<br><br>      Plaintiff<br><br>v.<br><br>ALEGIS GROUP LIMITED PARTNERSHIP; and SHERMAN ACQUISITION LP,<br><br>      Defendants | CIVIL ACTION NO. 04CV12645 JLT |

### SHERMAN ACQUISITION LIMITED PARTNERSHIP'S MOTION TO STRIKE PLAINTIFF'S REPLY MEMORANDUM AND COUNTER-STATEMENT OF FACTS

The Defendant, Sherman Acquisition Limited Partnership ("Sherman") hereby respectfully moves that this Court strike Plaintiff's Reply Memorandum and Counter-Statement of Facts. Plaintiff violates Local Rule 7.1(b)(3) by submitting a Reply Memorandum in Support of his Motion for Summary Judgment (the "Reply") and a Counter-Statement of Facts (the "Counter-Statement"). Under the Local Rules, Plaintiff is not permitted to file either a Reply or a Counter-Statement without leave of Court. Therefore, both the Reply and the Counter-Statement must be stricken in their entirety.

Specifically, Local Rule 7.1(b)(3) for the United States District Court of Massachusetts provides that all papers, whether in the form of a reply brief or otherwise, may be submitted "only with leave of Court." Plaintiff already submitted a Memorandum and Affidavit in Support of his Motion for Summary Judgment, and has failed to request leave of Court to file the Reply and Counter-Statement. As such, both the Reply and Counter-Statement must be stricken.

Should the Court choose to allow the filing of the Reply and the Counter-Statement notwithstanding Plaintiff's failure to comply with the Local Rules, the inaccuracy of each should not be overlooked. For example, the Plaintiff alleges that the Defendant failed to include a

statement of facts at issue.  However, Sherman does indeed submit its own statement of facts in support of its opposition to Plaintiff's Summary Judgment Motion, Sherman merely elected not to dispute Plaintiff's Statement of Facts for the purpose of its opposition, as even if true, Plaintiff is not entitled to summary judgment as a matter of law.

It appears obvious that Plaintiff is attempting to avoid a clear factual issue to be determined at trial, i.e., that he owes the debt at issue.  Plaintiff fails to establish that Sherman violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq., doesn't dispute that he actually owes the debt at issue, and fails to prove that the undisputed facts entitle him to an award of summary judgment on his spurious claims.  By virtue of his Reply and Counter-Statement, Plaintiff has only further established that summary judgment in this case is improper, by calling into doubt (*inter alia*) whether Sherman conducted a reasonable investigation as to the verification of the debt.  Again, this issue is not suitable for summary judgment.  Plaintiff does not know the extent of Sherman's investigation, and alleges only that Sherman's investigation "consisted of looking at a computer screen and seeing the Plaintiff's name."  The "reasonableness" of Sherman's investigation is an issue of fact to be established at trial.  Finally, in his original Memorandum, Plaintiff fails to present any evidence or support for his assertion that Sherman's actions rise to the level of "malicious and willful" as required by statute.  Again, Plaintiff simply says so without providing support.  Plaintiff's claim that Sherman acted "maliciously" or "willfully" cannot survive summary judgment without even a scintilla of evidence to support same.

## **CONCLUSION**

For the foregoing reasons, Sherman respectfully requests that this Court strike Plaintiff's Reply Memorandum and the Counter-Statement of Facts filed without leave of Court.

        Respectfully submitted,

        SHERMAN ACQUISITION, LP; ALEGIS
        GROUP LIMITED PARTNERSHIP,

        By its attorneys,
        RIEMER & BRAUNSTEIN LLP

Dated:  April 12, 2005        _/s/ Steffani Jill Boudreau_____
        Steffani Jill Boudreau
        BBO No. 564967
        Riemer & Braunstein LLP
        Three Center Plaza
        Boston, Massachusetts 02108
        (617) 523-9000

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN GAUDETTE,<br><br>    Plaintiff<br><br>v.<br><br>ALEGIS GROUP LIMITED PARTNERSHIP; and SHERMAN ACQUISITION LP,<br><br>    Defendants | CIVIL ACTION NO. 04CV12645 JLT |

### CERTIFICATE OF SERVICE

    I, Steffani Jill Boudreau, hereby certify that on this date, April 12, 2005, I served the foregoing by causing copies of same to be delivered by first-class mail, postage prepaid, to:

Steven Gaudette
46 Bow Street, No. 2
Medford, Massachusetts  02155


                                                                       /s/ Steffani Jill Boudreau
                                                                       Steffani Jill Boudreau

886819.1