UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN GAUDETTE,<br><br>      Plaintiff<br><br>v.<br><br>ALEGIS GROUP LIMITED PARTNERSHIP; and SHERMAN ACQUISITION LP,<br><br>      Defendants | CIVIL ACTION NO. 04CV12645 JLT |

**SHERMAN ACQUISITION LIMITED PARTNERSHIP'S
OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE PORTIONS
OF THE DEFENDANT'S AFFIDAVIT**

**INTRODUCTION**

Plaintiff moves this Court to strike the two affidavits filed on the Defendants' behalf, including, the Affidavit of Mr. Branigan and of counsel for Sherman Acquisition Limited Partnership ("Sherman"). These affidavits are not only accurate and based upon personal knowledge, but they properly assist the Court in reaching a conclusion on the motion of Plaintiff for Summary Judgment, and the Cross-Motion of Sherman for same.

**ARGUMENT AND AUTHORITY**

The question of admissibility is governed by Rule 56(e). That rule provides: "[S]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e). The rule requires a scalpel, not a butcher knife. Perez v. Volvo Car Corp., 247 F.3d 303 (5th Cir. 2001). The *nisi prius* court ordinarily must apply it to each segment of an affidavit, not to the affidavit as a whole. Akin v. Q-L Invss., Inc., 959 F.2d 521, 531 (5th Cir. 1992) ("On a motion for summary

judgment, the district court should disregard only those portions of an affidavit that are inadequate and consider the rest."). The court in Perez stated, "[w]e therefore take a selective approach to the Gonzalez affidavit, intending to disregard those parts of it that are inadmissible and to credit the remaining portions." Perez, citing Casas Offic Machs, Inc. v. Mita Copystar Am., Inc., 42 F.3d 668, 682 (1st Cir. 1994). Finally, a party's own affidavit, containing relevant information of which he has first-hand knowledge, may be self-serving, but is nonetheless competent to support or defeat summary judgment. See Nereida-Gonzalez v. Tirado-Delgado, 990 F.2d 701, 706 (1st Cir. 1993).

Filed without leave, by virtue of Motion to Strike the Affidavit, Plaintiff is blatantly attempting to obstruct the Court from having a complete understanding of the facts at issue. Moreover, Plaintiff has interposed inaccurate arguments which do not appear to have any relation to the Affidavit at issue, and which by themselves create disputed issues of material fact rendering summary judgment inappropriate.

For example, Mr. Branigan's affidavit is not only true and accurate, but is in fact made based upon his own personal knowledge. Plaintiff misconstrues Mr. Branigan's statements and claims they are not made based upon his personal knowledge. This is simply untrue. For instance, Mr. Branigan attests, "I am familiar with the Plaintiff's Providian Visa Gold credit card account," which is entirely true. Mr. Branigan is "familiar" with the account because his company purchased the account from Providian. Thus, he is obviously "familiar" with it. Mr. Branigan is not attempting to assert anything more than that.

Mr. Branigan's statement that "[t]he credit application provided to Sherman by Providian indicates that Plaintiff signed up for the account prior to May 26, 2000" is also accurate. Plaintiff is merely quibbling over semantics again. A credit card "application" can be fairly

characterized as a "sign up." After all, an application is indeed how one "signs up" for a credit card. Given that Plaintiff accrued debt on a credit card, it can fairly be said that the application was the "sign up" document. Furthermore, these are factual disputes that Plaintiff can raise at trial, but not on summary judgment. Similarly, Mr. Branigan's company, Sherman, purchased the debt Plaintiff owed to Providian, which indicated that Plaintiff owed $1,892. Thus, it can obviously be said that "Plaintiff owes approximately $1,892 on the account."

Plaintiff also attempts to strike the affidavit of counsel for Sherman, and the accompanying documents, because he claims they "serve no issue of material fact." This assertion is unfounded and inaccurate. Counsel's affidavit attaches unpublished case law that is referenced in Sherman's opposition memorandum. These cases assist the Court in reaching its decision, and are properly filed. It is disingenuous and improper to suggest that counsel's affidavit and the unpublished cases attached should be stricken.

## **CONCLUSION**

For the foregoing reasons, Sherman respectfully requests that this Court deny Plaintiff's Motion to Strike Portions of Affidavit submitted in support of Sherman's Opposition and Cross-Motion to Summary Judgment.

Respectfully submitted,

SHERMAN ACQUISITION, LP; ALEGIS GROUP LIMITED PARTNERSHIP,

By its attorneys,
RIEMER & BRAUNSTEIN LLP

Dated:   April 12, 2005            ___/s/ Steffani Jill Boudreau_____
Steffani Jill Boudreau
BBO No. 564967
Riemer & Braunstein LLP
Three Center Plaza
Boston, Massachusetts 02108
(617) 523-9000

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN GAUDETTE,<br><br>    Plaintiff<br><br>v.<br><br>ALEGIS GROUP LIMITED PARTNERSHIP; and SHERMAN ACQUISITION LP,<br><br>    Defendants | CIVIL ACTION NO. 04CV12645 JLT |

## CERTIFICATE OF SERVICE

I, Steffani Jill Boudreau, hereby certify that on this date, April 12, 2005, I served the foregoing by causing copies of same to be delivered by first-class mail, postage prepaid, to:

Steven Gaudette
46 Bow Street, No. 2
Medford, Massachusetts  02155


　　　　　　　　　　　　　　　　　　　　　　　__/s/ Steffani Jill Boudreau_____
　　　　　　　　　　　　　　　　　　　　　　　Steffani Jill Boudreau

886826.1

5